SPECTOR, SAM, Associate Judge
(Retired), (dissenting) :
I respectfully dissent from the majority opinion herein. The transaction giving rise to the forgery charges against appellee herein was as follows. Appellee was employed as a construction laborer. His employer gave him the wrong paycheck which was in the amount of $90.03. Appellee was unaware that he had the wrong check and he took it to the appellant’s whiskey store to get it cashed. Appellee endorsed it using his own name, and appellant’s employee cashed the check. Of course, when the check got to the bank, it was dishonored because the endorsement was wrong.
Faced with the possible loss of his money, appellant blamed the appellee for his predicament and preferred a forgery charge against appellee, which was later dropped.
To prefer charges of forgery in the circumstances of this case is unforgivable. That is why the jury brought back a substantial, though in my view not an excessive verdict. Obviously the jury reasoned that appellant should have taken greater care in the performance of its check cashing services which it obviously operates as bait in conjunction with its whiskey store operation. Greater care on appellant’s part would have avoided the hassle experienced by the appellee. The jury’s determination to compensate appellee by an award of damages in an amount not easily forgotten by appellant will have the salutary effect intended by the jury.
To reverse a jury award as being excessive requires the shocking of the judicial conscience. While I am shocked that appellant would prefer forgery charges against appellee when in fact the misfeasance was that of appellant’s own agent in cashing a check that was not even made out to the person presenting it, I am not shocked by the amount of the verdict rendered by the jury in the circumstances of this case.